## SMITH & CABINESS v. PHIL. ALSTON.

1. This court will not entertain a motion presented at a former term to reform the decree or to correct the opinion rendered at such former term.
2. Nor will a general order of the former term continuing all cases not otherwise disposed of, have the effect of continuing such motion, or of conferring jurisdiction upon the court at the succeeding term to alter or reform such judgment.
3. Dicta discussed: Courts and the members thereof only responsible for the correctness of the judgment, not for the course of argument by which such conclusion is reached; that, to a great degree, is left to the judge writing the opinion.

THIS was a motion by appellants' counsel, made April 18, 1873, to reform the decree reversing and remanding the cause, rendered March 17 of the same term. No action was taken on the motion at the former term.

*D. A. Nunn*, for motion.

MOORE, ASSOCIATE JUSTICE.—The judgment of the District Court in this cause was, at the last term of this

court, reversed, and the cause ordered to be remanded for further proceedings in accordance with the opinion of this court rendered on the seventeenth of March, 1873.

On the eighteenth of April, 1873, the appellants filed a motion "to reform the decree," "in matter and form as pointed out in his brief," etc.

So far as appears from the minute book and records, no action was had by the court upon this motion during said term at which it was made, unless, by a general order made just before the final adjournment continuing all cases not otherwise disposed of, it was continued over to the present term. The case, however, had been disposed of by the judgment previously rendered. The motion does not ask to set aside or suspend this judgment; but even if it had, certainly the mere fact that such motion had been presented to the court could not alone, and without any action whatever upon it, be regarded as having any effect upon the previous disposition made of the cause, so as to bring it within the operation of this general order.

It must, therefore, be held, upon the facts as disclosed by the records of the court, that the motion was neither continued nor granted at the term at which it was made; and if it is subject to the long and well established rule that the final judgments of the court cannot be reviewed or set aside at a subsequent term to that at which they are rendered, the court is not now authorized to grant the motion, whatever might be its opinion as to the propriety of doing so during the term at which the judgment was rendered.

As we have said, however, appellants do not ask to set aside or reform the judgment. They merely wish us to correct, modify, or reform some of the statements or conclusions expressed in the course of the opinion on certain points referred to in the discussion of the questions involved in the case, but which were not necessary

to the proper determination of the questions before the court—not that the matters in the opinion to which objection is made are in conflict with the opinions expressed and conclusions announced upon the questions in the case before the court, and upon which it has been correctly decided, but for fear, it is insisted, that they may mislead the District Court to appellants' prejudice on the retrial of the cause.

If the objections to the opinion are well founded, we see no good reason why appellants should entertain any well-grounded fear of any serious injury resulting therefrom. The rule is of familiar knowledge, that it is only the decision of the appellate court upon the questions in the case before it which binds the lower court, or furnishes a rule of action for it in that or any other case. Dicta, or even matters of argument not necessary to the decision of a question before the court, as is well known, is never regarded as deciding the law of the case, or as furnishing the rule of action for the court itself in which the case is pending, or as even binding upon the judge by whom the opinion was prepared. And however desirable it may be to all the members of a court that matters of dicta should, as much as possible, be excluded from its opinions, and that no views should be expressed calculated to mislead the court below, or improperly influence the determination of the cause, yet so difficult is it always found for different minds to reach the same conclusion by precisely the same process of reasoning and chain of thought, that it must, as a general rule, be left, in a great degree at least, to the discretion of the individual judge who prepares the opinion to present, in his own way, the conclusions of the court upon the questions it decides; and if they are correctly announced by the opinion, it is not deemed requisite for other members of the court to give but comparatively little observation to the process of reasoning by which, in the opinion, the

conclusions may be reached; otherwise, it might be much more difficult for the court to agree upon the reasons for their decision than upon the decision itself.

But suppose there are matters in the opinion delivered in this case which the court by which the case was decided should, on its attention being called to them, have had corrected. The case was finally disposed of at the last term of the court. No question involved in it, or any matter in the opinion upon which it was decided, is now pending in this court. The case has been remanded to the District Court, and we could, with as much propriety, comment upon the opinion of the court in any other cause decided at a former term of the court as in this one. It is certainly not the province of this court to decide causes which are not before it, or to remodel or correct the former opinions of themselves or predecessors, unless it becomes necessary in the discharge of their official duty in disposing of causes pending before and submitted to them. Motion having been made at the former term, it presents no matter upon which the court can now pass, and is therefore dismissed.

DISMISSED.