02-11-126-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00126-CV

 

 


 
 
 Amy
 Sipes and Tana Trevino
  
 v.
  
 Sunmount
 Corporation and The State of Texas - Department of Transportation
 
 
 §
  
 §
  
 §
  
 §
  
  
 
 
 From the 236th District
 Court
  
 of
 Tarrant County (236-180975-99)
  
 March
 14, 2013
  
 Opinion
 by Justice Dauphinot
 
 


 

JUDGMENT

 

This court has considered the record on appeal in this
case and holds that there was error in the trial court’s judgment.  It is
ordered that the judgment of the trial court is reversed and the case is
remanded to the trial court for further proceedings consistent with this
opinion.

          It
is further ordered that Appellees Sunmount Corporation and The State of Texas –
Department of Transportation shall pay for all of the costs of this appeal, for
which let execution issue.

SECOND DISTRICT COURT OF APPEALS

 

 

 

By_________________________________

    Justice Lee Ann Dauphinot

 

 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00126-CV

 

 


 
 
 Amy Sipes and Tana Trevino
 
 
  
 
 
 APPELLANTS
 
 
 
 
  
 V.
  
 
 
 
 
 Sunmount Corporation and The State of Texas -
 Department of Transportation
 
 
  
 
 
 APPELLEES
 
 


 

 

----------

FROM THE 236th
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

Amy
Sipes and Tana Trevino appeal from the trial court’s grant of summary judgment
on their claims against Sunmount Corporation and the Texas Department of
Transportation (TxDOT).  In two issues, Sipes and Trevino argue that neither
the law of the case doctrine nor collateral estoppel bars their claims.  In a
cross-appeal, Sunmount and TxDOT argue that the trial court
erred by not awarding them court costs.  Because we hold that the summary
judgment grounds asserted by Sunmount and TxDOT do not support the trial court’s
judgment, we reverse.

Background

Sipes
and Trevino sued the City of Grapevine (the City), Jerry Gaston, Sunmount, and TxDOT
for claims based on a car accident in which Sipes’s car was struck by another
vehicle in a construction zone.  After Sipes and Trevino settled with Gaston,
the trial court signed an agreed order of dismissal of their claims against
him.  The trial court granted summary judgment for Grapevine and severed the
claims against TxDOT and Sunmount.  The events giving rise to the claims in
this case were set out by this court and by the Supreme Court of Texas in the
appeal in the severed suit against the City, and we will not recite them here
except when necessary for addressing the issues on appeal.[2] 
The instant appeal is from the judgment rendered in the severed suit against
TxDOT and Sunmount.

After
the trial court severed the claims against the City, Sipes and Trevino amended
their petition.  In their Amended Seventh Amended Original Petition, Sipes and
Trevino alleged that Sunmount and TxDOT were negligent by:  failing to follow
the traffic control plan; revising the traffic control plan without the
approval of the registered professional engineering company that had prepared
the plan; and failing to request the professional engineering company to review
and revise the traffic control plan “after receiving repeated notice of the
dramatic increase in the number of traffic accidents at the subject
intersection since the initiation of construction.”  They also alleged that Sunmount
and TxDOT were grossly negligent.  Trevino asserted a claim as a bystander for
mental anguish and also sought compensation for loss of consortium.

In
the trial court, Sunmount filed a motion for traditional summary judgment
asserting (1) that Sipes’s and Trevino’s claim was for premises liability; (2)
that Sipes and Trevino were licensees; (3) that as licensees, Sipes and Trevino
were required to prove that Sunmount had a duty to warn them of the condition;
and (4) that Sunmount did not have a duty if Sipes and Trevino knew about the
condition.  Sunmount pointed out language from this court’s opinion in Grapevine
and then relied on that language to show its right to summary judgment.  In
that opinion, we stated:

By [A]ppellants’ own admissions, they knew they were
entering a construction zone, and Sipes admitted that there were sufficient
signs to alert her to unexpected dangers at the intersection.  Traffic
barricades, barrels, and signs are not unexpected or unusual and, in this case,
they did not impair [A]ppellants’ ability to travel on the road.  Therefore, we
conclude that the obstruction about which [A]ppellants complain was a premises
defect about which they had adequate warning.  We hold that the trial
court did not err by granting the City’s summary judgment on the premises
liability issue.[3]

Using
that language, Sunmount first asserted a right to judgment based on the
doctrine of collateral estoppel.  Sunmount argued that Sipes and Trevino could
not re-litigate the issue of whether they had been adequately warned of the
intersection’s dangers because Sipes and Trevino did not appeal that part of
this court’s judgment, and the Texas Supreme Court did not address it on review. 
Thus, Sunmount argued, the part of this court’s opinion regarding premises
defect and adequate warnings became the law of the case.  Sunmount contended
that Sipes and Trevino therefore could not prove that Sunmount failed to warn them
of the condition of the intersection or that they did not know about the
condition of the intersection, and thus Sunmount had conclusively negated an
essential element of their claims.

As
another ground for summary judgment, Sunmount also argued that even aside from
collateral estoppel and law of the case, it had produced as summary judgment
evidence “the exact same evidence” that this court had relied on in reaching
its holding that Sipes and Trevino were adequately warned about the conditions
of the intersection.  Because this court had already held that this evidence was
sufficient to show that Sipes and Trevino had been adequately warned, they
could not establish that they had not been adequately warned, and
Sunmount was therefore entitled to summary judgment.

TxDOT
also filed a summary judgment motion, making the same arguments as Sunmount.  The
trial court granted summary judgment for Sunmount and TxDOT and rendered a
final judgment that Sipes and Trevino take nothing on their claims.  Sipes and
Trevino then brought this appeal.

Standard
of Review

We
review a summary judgment de novo.[4]  We consider the evidence
presented in the light most favorable to the nonmovant, crediting evidence
favorable to the nonmovant if reasonable jurors could, and disregarding
evidence contrary to the nonmovant unless reasonable jurors could not.[5] 
We indulge every reasonable inference and resolve any doubts in the nonmovant’s
favor.[6]  A defendant who
conclusively negates at least one essential element of a cause of action is
entitled to summary judgment on that claim.[7]

Analysis

In their
first issue, Sipes and Trevino argue that the trial court’s summary judgment
should be reversed because the doctrine of the law of the case does not bar their
claims.  In their second issue, they argue that the summary judgment should be
reversed because collateral estoppel does not preclude their claims.

Before
we address Sipes and Trevino’s issues, we first consider Sunmount
and TxDOT’s argument that the summary judgment must be affirmed because Sipes
did not challenge one of their summary judgment grounds:  that Sunmount and
TxDOT could not be liable because Sipes and Trevino knew about the condition of
the intersection.  Sunmount and TxDOT argue that although Sipes and Trevino did
include argument in their brief about the adequacy of warnings, they did not
include argument about whether they knew about the intersection’s condition. 
Sunmount and TxDOT argue that because the brief included no challenge to this
ground, we must therefore affirm the summary judgment on that ground.[8]

We
disagree with Sunmount and TxDOT’s characterization of Sipes and Trevino’s
brief.  Although their brief was not as well articulated as it could have been,
we conclude from reading their brief in its entirety that they do maintain that
they did not know that their view would be obstructed at the intersection.  For
example, Sipes and Trevino state that “[a]lthough the traffic barrels and
cement barriers indicated that [Sipes and Trevino] were driving through a
construction zone, their awareness of that fact did not apprise them of the
obstructed view of eastbound vehicles traveling to the intersection on their
left.”  Sipes and Trevino also state that although Sunmount and TxDOT argue
that they were warned of the dangers of the obstructed view at the intersection,
they only admitted that they were aware that they were traveling in a
construction zone.  Elsewhere, Sipes and Trevino again assert that they were
aware only that they were traveling in a construction zone.  On that same page,
Sipes and Trevino state that Sunmount and TxDOT had “actual knowledge of the
specific visibility problem” but that Sipes and Trevino “were unaware of the
danger until they attempted to cross the intersection.”  Because we conclude
that Sipes and Trevino assigned error to Sunmount and TxDOT’s summary judgment
ground alleging that they knew of the dangerous condition, we decline to affirm
the trial court’s judgment on the basis that they did not challenge all asserted
summary judgment grounds.

We
now turn to Sipes and Trevino’s issues.  Under their first issue, Sipes and
Trevino argue that the doctrine of the law of the case does not apply.  They make
several arguments under this issue.  First, they contend that we held in Grapevine
that the City did not own or control the intersection.  They argue that if
the City did not own or control the intersection, it had no duty to Sipes and
Trevino with respect to the condition of the intersection.[9] 
They maintain that although this court stated that the condition of the
intersection was a premises defect “about which [Sipes and Trevino] had
adequate warning,”[10] that statement was
irrelevant to this court’s holding.  They point out that in contrast to the
City, Sunmount and TxDOT owned or controlled the intersection.[11]

In a
reply brief, Sipes and Trevino elaborate on this argument.  They reassert that
the City did not own or control the intersection and assert that once this
court reached that holding, any discussion by this court about the adequacy of
warnings was unnecessary to the disposition of the appeal because if the City
did not own or control the intersection, it had no duty to Sipes and Trevino
regarding the intersection’s condition.

We
must first point out that in considering the primary question of law we
determined in the section of Grapevine relied on by Sunmount and TxDOT—whether
the obstruction to Sipes’s and Trevino’s view was a special defect or a
premises defect—we applied a test that has been done away with by the Supreme
Court.  In Grapevine, we considered whether the obstruction was a
special defect by considering whether it was unexpected or unusual.[12]
 The Supreme Court has since made clear that the only test for a special defect
is whether the condition is of the same class as excavations or obstructions on
the road, not whether the condition was something unexpected or out of the
ordinary.[13]  The fact that a
condition presents some unusual quality may be relevant to whether the
condition is like an excavation or obstruction, but its ordinariness
alone does prevent it from being a special defect.[14]
 Thus, with respect to this part of our holding, our opinion cannot be the law
of the case.[15]  But even assuming that
we would still hold that the obstruction alleged in this case was, as a matter
of law, not a special defect, we still decline to apply the law of the case
doctrine here.

We
agree with Sipes and Trevino that our holding regarding the use or condition of
tangible property rendered any discussion of premises defect unnecessary to
affirm the trial court’s summary judgment.  The City argued that it could not
be liable because it did not own, use, or control any property at the
intersection.[16]  Regarding Sipes and
Trevino’s allegation that immunity was waived based on the City’s use of
tangible property, we stated that the City had “supported its motion with
evidence that the State owned the right-of-way at the intersection, maintained
control over the construction project, and placed the traffic control devices
at the intersection.”[17]  We held that the City’s
act in moving some of the traffic control devices was too attenuated from the
events that gave rise to the accident to be a proximate cause of Sipes’s and
Trevino’s injuries.[18]

Having
agreed that the City had established that it did not own or control the
intersection, we could not have then affirmed a judgment finding the City
liable for a premises defect at the intersection because, if the City did not
own or control the intersection, it had no duty to Sipes and Trevino with
respect to the intersection.[19]  We therefore did not
need to decide either whether the condition was a special defect or a premises
defect or whether Sipes and Trevino had been warned about the intersection’s
condition in order to affirm the judgment in favor of the City.  Because the
statement on which Sunmount and TxDOT rely was not necessary to our judgment in
Grapevine, we sustain Sipes’s first issue.[20]

Sipes
and Trevino’s second issue challenges the trial court’s application of
collateral estoppel.  We agree with Sipes and Trevino for the same reason we stated
under their first issue.  Even if the other elements of collateral
estoppel—that the facts sought to be litigated in the second action were fully
and fairly litigated in the first action and that the parties were cast as adversaries
in the first action[21]—were present here, which
we do not hold, the statement relied on by Sunmount and TxDOT to establish
summary judgment was not essential to our holding that summary judgment for the
City was correct.  Collateral estoppel cannot be based on this court’s
statement about the adequacy of any warning.

Finally,
we consider Sipes and Trevino’s argument that summary judgment should not have
been granted on the ground that Sunmount and TxDOT produced evidence showing as
a matter of law that they had been warned of and knew of the dangerous
condition at the intersection.  Sunmount and TxDOT had asserted as a ground for
summary judgment that they had produced “the exact same evidence” that had led
this court to hold that the obstruction was a premises defect “about which [Sipes
and Trevino] had adequate warning.”  As stated, that statement by this court
was not necessary to our holding in Grapevine and therefore was not
binding on the trial court.  Thus, to affirm the summary judgment on this
ground requires us to consider the sufficiency of the evidence on its own
merits and not merely in light of our previous statement.

In
this appeal, Sipes and Trevino point to evidence that they contend raised
a fact issue about whether the evidence had established their knowledge of the
dangerous condition—the obstructed view—and the adequacy of Sunmount and TxDOT’s
warning as a matter of law.  The dangerous condition alleged in this case was
the danger from presently approaching eastbound traffic of which northbound
traffic did not and could not know because of an obstruction to their view of eastbound
traffic.[22]  That is, the problem
was not just that northbound drivers could not see to their left, it was that
they could not see oncoming traffic to their left.  The testimony from Sipes
and Trevino was that they did perceive that they were entering a construction
zone, a fact we noted in Grapevine.[23]  Having reviewed the
record, we hold that nothing in the record established as a matter of law that
Sipes and Trevino knew that they were approaching an intersection at which their
view would be obstructed.  Nothing in the record established as a matter of law
that they knew or should have known that a vehicle was travelling toward them
at the moment they entered the intersection.  And nothing in the record
established as a matter of law that they were warned of this danger, much less
that the warning was adequate to have allowed Sipes and Trevino to avoid harm.[24] 
Accordingly, we agree with Sipes and Trevino that summary judgment could not
have been granted on this ground.  We sustain Sipes and Trevino’s second issue.

Cross-Appeal

In
their sole issue in their appeal, Sunmount and TxDOT argue that the trial court
erred by not awarding them court costs as the prevailing parties in the litigation. 
Because we reverse the trial court’s summary judgment, we overrule this issue
as moot.

Conclusion

Having
sustained Sipes and Trevino’s issues, and having overruled Sunmount and TxDOT’s
sole issue on cross-appeal, we reverse the trial court’s summary judgment and
remand this case for further proceedings.

 

 

LEE ANN DAUPHINOT

JUSTICE

 

PANEL: 
DAUPHINOT,
GARDNER, and WALKER, JJ.

 

DELIVERED:  March 14, 2013









[1]See Tex. R. App. P. 47.4.





[2]City of Grapevine v.
Sipes, 195 S.W.3d 689 (Tex. 2006); Sipes v. City of Grapevine (Grapevine),
146 S.W.3d 273 (Tex. App.—Fort Worth 2004).





[3]Grapevine, 146
S.W.3d at 283 (emphasis added).





[4]Travelers Ins. Co. v.
Joachim, 315 S.W.3d 860, 862 (Tex. 2010).





[5]Mann Frankfort Stein
& Lipp Advisors, Inc. v. Fielding, 289 S.W.3d 844, 848 (Tex. 2009).





[6]20801, Inc. v. Parker,
249 S.W.3d 392, 399 (Tex. 2008).





[7]Frost Nat’l Bank v.
Fernandez, 315 S.W.3d 494, 508 (Tex. 2010); see Tex. R. Civ. P.
166a(b), (c).





[8]See Malooly Bros., Inc.
v. Napier, 461 S.W.2d 119, 121 (Tex. 1970) (holding that summary judgment
must stand since it may have been based on a ground not specifically challenged
on appeal).





[9]See City of Denton v.
Page, 701 S.W.2d 831, 835 (Tex. 1986) (holding that Denton was not liable
for the dangerous condition of a storage building because it neither (1)
created the dangerous condition nor (2) owned, occupied, or controlled the
premises).





[10]Grapevine, 146
S.W.3d at 283.





[11]See Cnty. of Cameron
v. Brown, 80 S.W.3d 549, 556 (Tex. 2002) (noting that a premises-liability
defendant may be held liable for a dangerous condition on property it did not
own if it assumed control over the property).





[12]Grapevine, 146
S.W.3d at 282–83.





[13]Denton Cnty. v. Beynon,
283 S.W.3d 329, 331–32 (Tex. 2009).





[14]City of Denton v.
Paper, 376 S.W.3d 762, 765 (Tex. 2012) (listing characteristics to consider
in determining whether a particular condition is like an excavation or
obstruction).





[15]See In re Estate of
Chavana, 993 S.W.2d 311, 315 (Tex. App.—San Antonio 1999, no pet.) (holding
that even if the law of the case applied to the court’s prior statement,
supervening and controlling case law overruled it).





[16]Grapevine, 146
S.W.3d at 281; see Page, 701 S.W.2d at 835.





[17]Id. at 282.





[18]Id.





[19]See Page,
701 S.W.2d at 835.





[20]See Smith v. Alston,
40 Tex. 139, 141 (1874) (noting that “[d]icta, or even matters of argument not
necessary to the decision of a question before the court, as is well known, is
never regarded as deciding the law of the case”); Four Bros. Boat Works,
Inc. v. Tesoro Petroleum Cos., Inc., 217 S.W.3d 653, 662 (Tex. App.—Houston
[14th Dist.] 2006, pet. denied) (declining to apply the law of the case
doctrine to a statement that was not necessary to the determination of the
case); In re Certain Underwriters at Lloyd’s, 18 S.W.3d 867, 870 (Tex.
App.—Beaumont 2000, no pet.) (same); Chavana, 993 S.W.2d at 315; Huckabay
v. Irving Hosp. Auth., 879 S.W.2d 64, 66 n.1 (Tex. App.—Dallas 1993, writ
dism’d by agr.) (same).





[21]Sysco Food Servs.,
Inc. v. Trapnell, 890 S.W.2d 796, 801–02, 803 (Tex. 1994) (setting out the
elements of collateral estoppel and discussing the purposes of the doctrine).





[22]See Texas Dep’t of
Transp. v. Olson, 980 S.W.2d 890, 895 (Tex. App.—Fort Worth 1998, no pet.)
(holding that TxDOT’s negligence in permitting shrubbery, bushes, and high
grass to obscure drivers’ views at an intersection was a ground on which the
jury could find proximate cause of an accident at the intersection).





[23]Grapevine, 146
S.W.3d at 283.





[24]See W. Auto Supply Co.
v. Campbell, 373 S.W.2d 735, 736 (Tex. 1963) (setting out the duty of a possessor
of land with respect to dangerous conditions as including a duty to either make
the condition reasonably safe or give a warning adequate to enable visitors to
avoid the harm); see also Del Lago Partners, Inc. v. Smith, 307 S.W.3d
762, 774 (Tex. 2010) (“In some circumstances, no warning can suffice as
reasonably prudent action to reduce or remove an unreasonable risk.”).