

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-11-00126-CV

| | | |
|---|---|---|
| Amy Sipes and Tana Trevino | § | From the 236th District Court |
| v. | § | of Tarrant County (236-180975-99) |
| Sunmount Corporation and The State of Texas - Department of Transportation | § | March 14, 2013 |
| | § | Opinion by Justice Dauphinot |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was error in the trial court's judgment. It is ordered that the judgment of the trial court is reversed and the case is remanded to the trial court for further proceedings consistent with this opinion.

It is further ordered that Appellees Sunmount Corporation and The State of Texas – Department of Transportation shall pay for all of the costs of this appeal, for which let execution issue.

SECOND DISTRICT COURT OF APPEALS

By_____
Justice Lee Ann Dauphinot



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00126-CV

AMY SIPES AND TANA TREVINO                                    APPELLANTS

V.

SUNMOUNT CORPORATION AND                                      APPELLEES
THE STATE OF TEXAS -
DEPARTMENT OF
TRANSPORTATION

----------

FROM THE 236TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Amy Sipes and Tana Trevino appeal from the trial court's grant of summary judgment on their claims against Sunmount Corporation and the Texas Department of Transportation (TxDOT). In two issues, Sipes and Trevino argue that neither the law of the case doctrine nor collateral estoppel bars their claims.

---

[1]*See* Tex. R. App. P. 47.4.

In a cross-appeal, Sunmount and TxDOT argue that the trial court erred by not awarding them court costs. Because we hold that the summary judgment grounds asserted by Sunmount and TxDOT do not support the trial court's judgment, we reverse.

**Background**

Sipes and Trevino sued the City of Grapevine (the City), Jerry Gaston, Sunmount, and TxDOT for claims based on a car accident in which Sipes's car was struck by another vehicle in a construction zone. After Sipes and Trevino settled with Gaston, the trial court signed an agreed order of dismissal of their claims against him. The trial court granted summary judgment for Grapevine and severed the claims against TxDOT and Sunmount. The events giving rise to the claims in this case were set out by this court and by the Supreme Court of Texas in the appeal in the severed suit against the City, and we will not recite them here except when necessary for addressing the issues on appeal.[2] The instant appeal is from the judgment rendered in the severed suit against TxDOT and Sunmount.

After the trial court severed the claims against the City, Sipes and Trevino amended their petition. In their Amended Seventh Amended Original Petition, Sipes and Trevino alleged that Sunmount and TxDOT were negligent by: failing to follow the traffic control plan; revising the traffic control plan without the approval of the registered professional engineering company that had prepared

_____

[2] *City of Grapevine v. Sipes*, 195 S.W.3d 689 (Tex. 2006); *Sipes v. City of Grapevine (Grapevine)*, 146 S.W.3d 273 (Tex. App.—Fort Worth 2004).

2

the plan; and failing to request the professional engineering company to review and revise the traffic control plan "after receiving repeated notice of the dramatic increase in the number of traffic accidents at the subject intersection since the initiation of construction." They also alleged that Sunmount and TxDOT were grossly negligent. Trevino asserted a claim as a bystander for mental anguish and also sought compensation for loss of consortium.

In the trial court, Sunmount filed a motion for traditional summary judgment asserting (1) that Sipes's and Trevino's claim was for premises liability; (2) that Sipes and Trevino were licensees; (3) that as licensees, Sipes and Trevino were required to prove that Sunmount had a duty to warn them of the condition; and (4) that Sunmount did not have a duty if Sipes and Trevino knew about the condition. Sunmount pointed out language from this court's opinion in *Grapevine* and then relied on that language to show its right to summary judgment. In that opinion, we stated:

> By [A]ppellants' own admissions, they knew they were entering a construction zone, and Sipes admitted that there were sufficient signs to alert her to unexpected dangers at the intersection. Traffic barricades, barrels, and signs are not unexpected or unusual and, in this case, they did not impair [A]ppellants' ability to travel on the road. Therefore, we conclude that the obstruction about which [A]ppellants complain was a premises defect *about which they had adequate warning*. We hold that the trial court did not err by granting the City's summary judgment on the premises liability issue.[3]

---

[3]*Grapevine*, 146 S.W.3d at 283 (emphasis added).

3

Using that language, Sunmount first asserted a right to judgment based on the doctrine of collateral estoppel. Sunmount argued that Sipes and Trevino could not re-litigate the issue of whether they had been adequately warned of the intersection's dangers because Sipes and Trevino did not appeal that part of this court's judgment, and the Texas Supreme Court did not address it on review. Thus, Sunmount argued, the part of this court's opinion regarding premises defect and adequate warnings became the law of the case. Sunmount contended that Sipes and Trevino therefore could not prove that Sunmount failed to warn them of the condition of the intersection or that they did not know about the condition of the intersection, and thus Sunmount had conclusively negated an essential element of their claims.

As another ground for summary judgment, Sunmount also argued that even aside from collateral estoppel and law of the case, it had produced as summary judgment evidence "the exact same evidence" that this court had relied on in reaching its holding that Sipes and Trevino were adequately warned about the conditions of the intersection. Because this court had already held that this evidence was sufficient to show that Sipes and Trevino had been adequately warned, they could not establish that they had *not* been adequately warned, and Sunmount was therefore entitled to summary judgment.

TxDOT also filed a summary judgment motion, making the same arguments as Sunmount. The trial court granted summary judgment for

4

Sunmount and TxDOT and rendered a final judgment that Sipes and Trevino take nothing on their claims.  Sipes and Trevino then brought this appeal.

## Standard of Review

We review a summary judgment de novo.[4]  We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not.[5]  We indulge every reasonable inference and resolve any doubts in the nonmovant's favor.[6]  A defendant who conclusively negates at least one essential element of a cause of action is entitled to summary judgment on that claim.[7]

## Analysis

In their first issue, Sipes and Trevino argue that the trial court's summary judgment should be reversed because the doctrine of the law of the case does not bar their claims.  In their second issue, they argue that the summary judgment should be reversed because collateral estoppel does not preclude their claims.

---

[4]*Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010).

[5]*Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).

[6]*20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008).

[7]*Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010); *see* Tex. R. Civ. P. 166a(b), (c).

Before we address Sipes and Trevino's issues, we first consider Sunmount and TxDOT's argument that the summary judgment must be affirmed because Sipes did not challenge one of their summary judgment grounds: that Sunmount and TxDOT could not be liable because Sipes and Trevino knew about the condition of the intersection. Sunmount and TxDOT argue that although Sipes and Trevino did include argument in their brief about the adequacy of warnings, they did not include argument about whether they knew about the intersection's condition. Sunmount and TxDOT argue that because the brief included no challenge to this ground, we must therefore affirm the summary judgment on that ground.[8]

We disagree with Sunmount and TxDOT's characterization of Sipes and Trevino's brief. Although their brief was not as well articulated as it could have been, we conclude from reading their brief in its entirety that they do maintain that they did not know that their view would be obstructed at the intersection. For example, Sipes and Trevino state that "[a]lthough the traffic barrels and cement barriers indicated that [Sipes and Trevino] were driving through a construction zone, their awareness of that fact did not apprise them of the obstructed view of eastbound vehicles traveling to the intersection on their left." Sipes and Trevino also state that although Sunmount and TxDOT argue that they were warned of

---

[8] *See Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970) (holding that summary judgment must stand since it may have been based on a ground not specifically challenged on appeal).

6

the dangers of the obstructed view at the intersection, they only admitted that they were aware that they were traveling in a construction zone. Elsewhere, Sipes and Trevino again assert that they were aware only that they were traveling in a construction zone. On that same page, Sipes and Trevino state that Sunmount and TxDOT had "actual knowledge of the specific visibility problem" but that Sipes and Trevino "were unaware of the danger until they attempted to cross the intersection." Because we conclude that Sipes and Trevino assigned error to Sunmount and TxDOT's summary judgment ground alleging that they knew of the dangerous condition, we decline to affirm the trial court's judgment on the basis that they did not challenge all asserted summary judgment grounds.

We now turn to Sipes and Trevino's issues. Under their first issue, Sipes and Trevino argue that the doctrine of the law of the case does not apply. They make several arguments under this issue. First, they contend that we held in *Grapevine* that the City did not own or control the intersection. They argue that if the City did not own or control the intersection, it had no duty to Sipes and Trevino with respect to the condition of the intersection.[9] They maintain that although this court stated that the condition of the intersection was a premises

---

[9]*See City of Denton v. Page*, 701 S.W.2d 831, 835 (Tex. 1986) (holding that Denton was not liable for the dangerous condition of a storage building because it neither (1) created the dangerous condition nor (2) owned, occupied, or controlled the premises).

7

defect "about which [Sipes and Trevino] had adequate warning,"[10] that statement was irrelevant to this court's holding. They point out that in contrast to the City, Sunmount and TxDOT owned or controlled the intersection.[11]

In a reply brief, Sipes and Trevino elaborate on this argument. They reassert that the City did not own or control the intersection and assert that once this court reached that holding, any discussion by this court about the adequacy of warnings was unnecessary to the disposition of the appeal because if the City did not own or control the intersection, it had no duty to Sipes and Trevino regarding the intersection's condition.

We must first point out that in considering the primary question of law we determined in the section of *Grapevine* relied on by Sunmount and TxDOT— whether the obstruction to Sipes's and Trevino's view was a special defect or a premises defect—we applied a test that has been done away with by the Supreme Court. In *Grapevine*, we considered whether the obstruction was a special defect by considering whether it was unexpected or unusual.[12] The Supreme Court has since made clear that the only test for a special defect is whether the condition is of the same class as excavations or obstructions on the

---

[10]*Grapevine*, 146 S.W.3d at 283.

[11]*See Cnty. of Cameron v. Brown*, 80 S.W.3d 549, 556 (Tex. 2002) (noting that a premises-liability defendant may be held liable for a dangerous condition on property it did not own if it assumed control over the property).

[12]*Grapevine*, 146 S.W.3d at 282–83.

8

road, not whether the condition was something unexpected or out of the ordinary.[13] The fact that a condition presents some unusual quality may be relevant to whether the condition is *like* an excavation or obstruction, but its ordinariness alone does prevent it from being a special defect.[14] Thus, with respect to this part of our holding, our opinion cannot be the law of the case.[15] But even assuming that we would still hold that the obstruction alleged in this case was, as a matter of law, not a special defect, we still decline to apply the law of the case doctrine here.

We agree with Sipes and Trevino that our holding regarding the use or condition of tangible property rendered any discussion of premises defect unnecessary to affirm the trial court's summary judgment. The City argued that it could not be liable because it did not own, use, or control any property at the intersection.[16] Regarding Sipes and Trevino's allegation that immunity was waived based on the City's use of tangible property, we stated that the City had "supported its motion with evidence that the State owned the right-of-way at the

---

[13]*Denton Cnty. v. Beynon*, 283 S.W.3d 329, 331–32 (Tex. 2009).

[14]*City of Denton v. Paper*, 376 S.W.3d 762, 765 (Tex. 2012) (listing characteristics to consider in determining whether a particular condition is like an excavation or obstruction).

[15]*See In re Estate of Chavana*, 993 S.W.2d 311, 315 (Tex. App.—San Antonio 1999, no pet.) (holding that even if the law of the case applied to the court's prior statement, supervening and controlling case law overruled it).

[16]*Grapevine*, 146 S.W.3d at 281; *see Page*, 701 S.W.2d at 835.

intersection, maintained control over the construction project, and placed the traffic control devices at the intersection."[17] We held that the City's act in moving some of the traffic control devices was too attenuated from the events that gave rise to the accident to be a proximate cause of Sipes's and Trevino's injuries.[18]

Having agreed that the City had established that it did not own or control the intersection, we could not have then affirmed a judgment finding the City liable for a premises defect at the intersection because, if the City did not own or control the intersection, it had no duty to Sipes and Trevino with respect to the intersection.[19] We therefore did not need to decide either whether the condition was a special defect or a premises defect or whether Sipes and Trevino had been warned about the intersection's condition in order to affirm the judgment in favor of the City. Because the statement on which Sunmount and TxDOT rely was not necessary to our judgment in *Grapevine*, we sustain Sipes's first issue.[20]

---

[17]*Id.* at 282.

[18]*Id.*

[19]*See Page*, 701 S.W.2d at 835.

[20]See *Smith v. Alston*, 40 Tex. 139, 141 (1874) (noting that "[d]icta, or even matters of argument not necessary to the decision of a question before the court, as is well known, is never regarded as deciding the law of the case"); *Four Bros. Boat Works, Inc. v. Tesoro Petroleum Cos.*, Inc., 217 S.W.3d 653, 662 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (declining to apply the law of the case doctrine to a statement that was not necessary to the determination of the case); *In re Certain Underwriters at Lloyd's*, 18 S.W.3d 867, 870 (Tex. App.—Beaumont 2000, no pet.) (same); *Chavana*, 993 S.W.2d at 315; *Huckabay v. Irving Hosp. Auth.*, 879 S.W.2d 64, 66 n.1 (Tex. App.—Dallas 1993, writ dism'd by agr.) (same).

Sipes and Trevino's second issue challenges the trial court's application of collateral estoppel. We agree with Sipes and Trevino for the same reason we stated under their first issue. Even if the other elements of collateral estoppel—that the facts sought to be litigated in the second action were fully and fairly litigated in the first action and that the parties were cast as adversaries in the first action[21]—were present here, which we do not hold, the statement relied on by Sunmount and TxDOT to establish summary judgment was not essential to our holding that summary judgment for the City was correct. Collateral estoppel cannot be based on this court's statement about the adequacy of any warning.

Finally, we consider Sipes and Trevino's argument that summary judgment should not have been granted on the ground that Sunmount and TxDOT produced evidence showing as a matter of law that they had been warned of and knew of the dangerous condition at the intersection. Sunmount and TxDOT had asserted as a ground for summary judgment that they had produced "the exact same evidence" that had led this court to hold that the obstruction was a premises defect "about which [Sipes and Trevino] had adequate warning." As stated, that statement by this court was not necessary to our holding in *Grapevine* and therefore was not binding on the trial court. Thus, to affirm the

---

[21]*Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 801–02, 803 (Tex. 1994) (setting out the elements of collateral estoppel and discussing the purposes of the doctrine).

summary judgment on this ground requires us to consider the sufficiency of the evidence on its own merits and not merely in light of our previous statement.

In this appeal, Sipes and Trevino point to evidence that they contend raised a fact issue about whether the evidence had established their knowledge of the dangerous condition—the obstructed view—and the adequacy of Sunmount and TxDOT's warning as a matter of law. The dangerous condition alleged in this case was the danger from presently approaching eastbound traffic of which northbound traffic did not and could not know because of an obstruction to their view of eastbound traffic.[22] That is, the problem was not just that northbound drivers could not see to their left, it was that they could not see oncoming traffic to their left. The testimony from Sipes and Trevino was that they did perceive that they were entering a construction zone, a fact we noted in *Grapevine*.[23] Having reviewed the record, we hold that nothing in the record established as a matter of law that Sipes and Trevino knew that they were approaching an intersection at which their view would be obstructed. Nothing in the record established as a matter of law that they knew or should have known that a vehicle was travelling toward them at the moment they entered the

---

[22] *See Texas Dep't of Transp. v. Olson*, 980 S.W.2d 890, 895 (Tex. App.— Fort Worth 1998, no pet.) (holding that TxDOT's negligence in permitting shrubbery, bushes, and high grass to obscure drivers' views at an intersection was a ground on which the jury could find proximate cause of an accident at the intersection).

[23] *Grapevine*, 146 S.W.3d at 283.

intersection.  And nothing in the record established as a matter of law that they were warned of this danger, much less that the warning was adequate to have allowed Sipes and Trevino to avoid harm.[24]  Accordingly, we agree with Sipes and Trevino that summary judgment could not have been granted on this ground. We sustain Sipes and Trevino's second issue.

## Cross-Appeal

In their sole issue in their appeal, Sunmount and TxDOT argue that the trial court erred by not awarding them court costs as the prevailing parties in the litigation.  Because we reverse the trial court's summary judgment, we overrule this issue as moot.

## Conclusion

Having sustained Sipes and Trevino's issues, and having overruled Sunmount and TxDOT's sole issue on cross-appeal, we reverse the trial court's summary judgment and remand this case for further proceedings.

---

[24]*See W. Auto Supply Co. v. Campbell*, 373 S.W.2d 735, 736 (Tex. 1963) (setting out the duty of a possessor of land with respect to dangerous conditions as including a duty to either make the condition reasonably safe or give a warning adequate to enable visitors to avoid the harm); *see also Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 774 (Tex. 2010) ("In some circumstances, no warning can suffice as reasonably prudent action to reduce or remove an unreasonable risk.").

LEE ANN DAUPHINOT  
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

DELIVERED:  March 14, 2013